# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANN ELAINE CAMPBELL, | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-09-0821-HE |
| CITY OF SPENCER, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Before the court are the motions to dismiss of defendants City of Spencer ("Spencer") and Town of Forest Park ("Forest Park"). Although the motions are nominally based on Fed. R. Civ. P. 12(b)(6), they assert, among other things, that plaintiff's claims are barred by the Rooker-Feldman doctrine,[1] which goes to the subject matter jurisdiction of the court. As the court concludes the Rooker-Feldman doctrine is applicable, plaintiff's claims against the moving defendants must be dismissed.

**Background**

According to the complaint, plaintiff owned multiple parcels of property in Spencer and Forest Park during the time frame involved here. She also owned 51 horses which were located on her various properties. She alleges that one or more of her neighbors in both Spencer and Forest Park "filed numerous baseless complaints" with Spencer and Forest Park over the course of several years prior to mid-2007. Campbell further alleges that, in response

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

to these complaints, Spencer and Forest Park began to look for "loopholes in the law" by which they could force her to remove her horses.

The complaint alleges that, on July 30, 2007, Spencer and Forest Park contacted Oklahoma County Deputy Sheriff John Cothran to open an investigation of Campbell on the charge of animal cruelty. Campbell alleges that Spencer and Forest Park knew that if they "convinced Officer Cothran there might be animal cruelty, he could confiscate the horses" and thus they "provided just enough information to Officer Cothran to [lead him to] believe there was a potential of animal cruelty." Officer Cothran eventually applied to the District Court of Oklahoma County for a warrant to search one of Campbell's properties. A warrant was issued and was executed on July 31 by Spencer and Forest Park police officers. Campbell's horses were seized.[2]

Under 21 Okla. Stat. § 1680.4, a court may order "immediate forfeiture" of an animal if "probable cause exists that an animal has been abused." A hearing was held on August 10, 2007, before the District Court of Oklahoma County, to determine whether probable cause existed with regard to plaintiff's horses. On August 24, 2007, that court issued an order finding that plaintiff's horses were "in an abused and neglected situation," and ordering their forfeiture under § 1680.4. Order of Forfeiture, Case No. MI-2007-170 (Aug. 24, 2007, Dist. Court of Oklahoma County) (attached as Ex. 6 to Forest Park's Motion to Dismiss

---

[2]*In her complaint, plaintiff alleges additional facts attacking the sufficiency of the warrant and the motivations of the defendants. However, in light of the basis for the court's disposition of the case as to these defendants, it is unnecessary to address those matters.*

2

[Doc. 20]). The district court set a bond in the amount of $68,000 for the maintenance of the horses. *Id.* That order was affirmed by the Oklahoma Court of Civil Appeals. Town of Forest Park v. Campbell, Case No. 105,087, slip op. at 12 (Okla. Civ. App. June 12, 2008) (attached as Ex. 7 to Forest Park's Motion to Dismiss [Doc. 20]). The Oklahoma Supreme Court subsequently denied plaintiff's petition for certiorari. Order, Case No. 105,087 (Dec. 15, 2008 Okla.) (attached as Ex. 9 to Forest Park's Motion to Dismiss [Doc. No. 20]).

In this case, plaintiff seeks damages under 42 U.S.C. § 1983, alleging (1) that her Fourth Amendment rights were violated by the unlawful search of her properties and seizure of her horses, (2) that her Eight Amendment rights were violated by the seizure of her horses and setting of an "excessive" bond, and (3) that her Fifth Amendment Due Process and Takings Clause rights were violated by the seizure of her horses.

**Discussion**

The Rooker-Feldman doctrine is a jurisdictional prohibition on "federal suits that amount to appeals of state-court judgments." Bolden v. City of Topeka, 441 F.3d, 1129, 1139 (10th Cir. 2006). "Rooker-Feldman precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment." Mo's Express LLC v. Sopkin, 441 F.3d 1229, 1233 (10th Cir. 2006) (quoting Kenmen Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002)). The doctrine "arises by negative inference from 28 U.S.C. § 1257(a), which allows parties to state court judgments to seek direct review from the Supreme Court of the United States, but not to appeal to the federal courts." *Id.* Where a

3

plaintiff's federal claims were not "actually decided" by the state court, a federal court may nonetheless lack jurisdiction if the claims are "inextricably intertwined" with the state court's judgment. As to that determination, the Tenth Circuit has stated:

> Although it is difficult to formulate a foolproof test [for when claims are inextricably intertwined], in general we must ask whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. Three related concepts — injury, causation and redressability — inform this analysis. In other words, we approach the question by asking whether the state court judgment *caused*, actually and proximately, the *injury* for which the federal court plaintiff seeks *redress*. If it did, Rooker-Feldman deprives the federal court of jurisdiction.

Kenmen Eng'g, 314 F.3d at 476 (emphasis in original) (citations and internal quotation marks omitted).

The court concludes plaintiff's claims are inextricably intertwined with the state court judgment, thus making Rooker-Feldman applicable. Although asserted under various legal theories, all of plaintiff's claims are based on a single injury — the loss of her horses. Although other actions may have led to the judgment entered by the District Court of Oklahoma County, it was the implementation of that judgment which caused the injury for which she seeks redress through an award of monetary damages.

In considering whether plaintiff's claims here are "inextricably intertwined" with the judgment of the state court, the Tenth Circuit has instructed that "close attention" be paid "to the *relief* sought by the federal court plaintiff." *Id.* at 476 (emphasis in original). In Kenmen Engineering, defendant City of Union had enforced certain municipal fire code laws against Kenman — by seeking and acquiring an injunction in state court — which prevented

4

Kenman from storing magnesium in a grain silo within city limits and ultimately resulted in Kenman being forced to sell the magnesium at a loss. *Id.* at 471–72. Subsequently, Kenman brought an action in federal court seeking damages for losses incurred in connection with the magnesium sale, arguing that (1) the City's actions amounted to an unlawful taking without due process and (2) the City's application of the municipal fire code laws to the storage of magnesium was preempted by the Hazardous Materials Transportation Act. *Id.* at 472. The question before the Tenth Circuit was whether, in light of the Rooker-Feldman doctrine, the court had subject-matter jurisdiction. After acknowledging that the state court issuing the injunction did not "actually decide" the claims brought by Kenmen, the court turned to whether the claims were "inextricably intertwined" with the state court's judgment. Considering the relief requested, the court concluded: "In this case, plaintiff's requested relief — monetary damages – would necessarily undo the Oklahoma state court's judgment. Plaintiffs request that this court place them back in the position they occupied prior to the Oklahoma state-court judgment. This we cannot do." *Id.* at 477.

Similarly, plaintiff is asking here for monetary damages which would, in substance, place her back in the position she was in before the forfeiture of her horses. As in Kenmen, such relief would "necessarily undo the Oklahoma court's judgment," something this court lacks jurisdiction to do in light of Rooker-Feldman.

**Conclusion**

For the reasons indicated, defendants' motions to dismiss [Doc. Nos. 20 & 22] are **GRANTED**. Plaintiff's claims against defendants Spencer and Forrest Park are dismissed for lack of subject-matter jurisdiction. Plaintiff's claims against defendant Blaze's Tribute Equine Rescue Inc. remain for resolution.[3]

**IT IS SO ORDERED**.

Dated this 4th day of May, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3]*It is questionable whether, in light of this order and the alleged role of Blaze's Tribute Equine Rescue Inc., any claim remains against it. However, as it has not moved to dismiss and the parties have not addressed the claims as to it, those issues are not presently ripe for resolution.*