IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANN ELAINE CAMPBELL,          )
                              )
            Plaintiff,        )
vs.                           )          NO.  CIV-09-0821-HE
                              )
CITY OF SPENCER, ET AL.,      )
                              )
            Defendant.        )

## ORDER

Plaintiff Ann Elaine Campbell brought this action against defendants City of Spencer

("Spencer") and Town of Forest Park ("Forest Park"), asserting 28 U.S.C. § 1983 claims for

alleged violations of her Fourth, Fifth and Eighth Amendment rights.[1]  The court dismissed

the claims against Spencer and Forest Park on the basis of the *Rooker-Feldman* doctrine.  On

appeal, the Tenth Circuit Court of Appeals affirmed as to the Fifth and Eighth Amendment

claims, but reversed the dismissal of the Fourth Amendment claims, concluding that those

claims were not barred by the *Rooker-Feldman* doctrine.  Campbell v. City of Spencer, 682

F.3d 1278 (10th Cir. 2012).  Following remand, a second action which had been pending in

state court between the same original parties was removed to this court and that action

consolidated with this one.[2]  Upon the joint motion of the parties, plaintiff was allowed to

amend her complaint.  Plaintiff then filed an Amended Complaint [Doc. #72] which asserted

---

[1]*An additional defendant, Blaze's Tribute Equine Rescue, Inc., was also named in the original complaint, but was dismissed by stipulation of the parties [Doc. #46].*

[2]*The rationale for the second action is not apparent, but, in any event, the actions were consolidated.  Blaze's Tribute Equine Rescue, Inc. had not been dismissed in the removed case and hence is still a party in this consolidated case.*

Fourth Amendment claims against Spencer, Forest Park, and Blaze's Tribute Equine Rescue Inc., as well as a state law defamation claim against the latter defendant.  Spencer and Forest Park have now filed motions to dismiss on the basis that the Fourth Amendment claims against them are  barred by principles of preclusion.[3]  The court agrees and concludes that counts I and II of the Amended Complaint must be dismissed.

<u>Background</u>[4]

Plaintiff alleges that her Fourth Amendment rights have been violated because defendants illegally searched and seized her property.[5]  On July 31, 2007, Oklahoma County Deputy Sheriff John Cothran submitted an affidavit to the Oklahoma County District Court in support of a search warrant for plaintiff's property.  A warrant issued and was executed by Spencer and Forest Park police officers.  Forty-four of plaintiff's horses were seized. Defendants petitioned a state court to order forfeiture of the horses.

Under 21 Okla. Stat. § 1680.4, a court may order "immediate forfeiture" of an animal if  "probable cause exists that an animal has been abused."  A hearing was held on August 10, 2007, before the District Court of Oklahoma County, to determine whether probable

---

[3]*Defendants also assert that the claims should be dismissed for failure to state a claim separate and apart from preclusion principles.  As the court concludes preclusion principles bar the claims against Spencer and Forest Park, it need not address whether some further basis for a Rule 12(b)(6) dismissal exists.*

[4]*The background of this case is set out more fully in this court's May 4, 2010, order [Doc. #34] and the Tenth Circuit opinion.*

[5]*In addition to the allegations of the complaint, the court has considered various documents filed in the state court proceeding and attached as exhibits to the parties' briefs.  Their authenticity is not challenged by the parties.*

cause existed for the seizure of plaintiff's horses.  On August 24, 2007, that court issued an

order finding that, on the day of the seizure, probable cause existed that plaintiff's horses

were "in an abusive and neglected situation," and ordering their forfeiture under § 1680.4.

Order of Forfeiture, Case No. MI-2007-170 (Dist. Court of Okla. Cnty. Aug. 24, 2007) [Doc.

#75-6].  The court also stated that it found on July 31, 2007, that probable cause existed to

issue the search warrant for the seizure of the 44 horses.  *Id*.  That order was affirmed by the

Oklahoma Court of Civil Appeals.  Town of Forest Park v. Campbell, Case No. 105,087, slip

op. at 12, 14 (Okla. Civ. App. June 12, 2008) [Doc. #75-7].  The Oklahoma Supreme Court

subsequently denied plaintiff's petition for certiorari.  Order, Case No. 105,087 (Okla. Dec.

15, 2008) [Doc. #75-9].

<u>Analysis</u>

Plaintiff now asserts two Fourth Amendment claims.  Count One challenges the

legality of the search of her property, alleging there were insufficient grounds for the search

(presumably meaning insufficient grounds for the warrant that was issued) and whether there

was (again, presumably in the warrant) a sufficiently particular description of the property

to be searched.  Count II makes the same essential allegations, but focuses on the alleged

wrongful seizure rather than the search.  The court concludes that preclusion principles

prevent plaintiff from pursuing her Fourth Amendment claims in this case.  *See* Lavicky v.

Burnett, 758 F.2d 468, 473 (10th Cir. 1985) ("[T]he doctrine of collateral estoppel may

preclude plaintiff from litigating a Fourth Amendment issue in a § 1983 action if a state court

has decided that same issue in previous litigation." (citations omitted)).  Federal courts must

"give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne, 698 F.3d 1295, 1302 (10th Cir. 2012) (quoting Allen v. McCurry, 449 U.S. 90, 96 (1980)); *see also* 28 U.S.C. § 1738. Oklahoma recognizes both claim preclusion (res judicata) and issue preclusion (collateral estoppel), and the doctrines are often used interchangeably. *See* B. Willis, C.P.A., Inc. v. BNSF Ry. Corp., 531 F.3d 1282, 1300-01 (10th Cir. 2008).

The Oklahoma Supreme Court has explained that "[t]he doctrine of collateral estoppel, or issue preclusion, is activated when an ultimate issue has been determined by a valid and final judgment—that question cannot be relitigated by parties, or their privies, to the prior adjudication in any future lawsuit." Carris v. John R. Thomas & Assocs., P.C., 896 P.2d 522, 527 (Okla. 1995) (citations omitted). "[I]ssue preclusion applies only to those issues actually adjudicated and necessary or essential to the prior judgment." *Id*. at 528; *see also* Oklahoma Dept. of Pub. Safety v. McCrady, 176 P.3d 1194, 1199 (Okla. 2007) ("An issue is actually litigated and necessarily determined if it is properly raised in the pleadings, or otherwise submitted for determination, and judgment would not have been rendered but for the determination of that issue."). The court must find "1) that the party against whom [issue preclusion] is being asserted was either a party to or a privy of a party to the prior action; 2) that the issue subject to preclusion has actually been adjudicated in the prior case; 3) that the adjudicated issue was necessary and essential to the outcome of that prior case; and 4) the party against whom it is interposed had a full and fair opportunity to litigate the

4

claim or critical issue." Durham v. McDonald's Rests. of Okla., Inc., 256 P.3d 64, 66-67 (Okla. 2011) (emphasis and citations omitted). Those elements are met here.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Constitution also states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Id. The lawfulness of the search and seizures at issue here was adjudicated in the state court lawsuit, evidenced by the court's finding that the search warrant was issued upon probable cause and there was probable cause to seize the 44 horses and later forfeit them. As the Tenth Circuit noted in its previous review of this case, "The state court considered the same issues—the lawfulness of the search and seizure . . . ." Campbell, 682 F.3d at 1285. The state district court order stated: "The court after hearing the testimony of the parties and after reviewing the exhibits and evidence clearly finds that probable cause exists that the 44 horses were in an abusive and neglected situation, as described in 21 O.S. 1685, when they were seized on July 31, 2007" [Doc. #75-6 at 1]. The court also recognized that it previously found there was probable cause to issue the search warrant prior to its execution, and necessarily relied on the validity of that warrant in upholding the seizure of the horses.[6] Id.

---

[6]Furthermore, "evidence that is obtained through an illegal search must be suppressed in civil proceedings in Oklahoma, just as it is suppressed in criminal proceedings." Brumfield v. State, 155 P.3d 826, 833-34 (Okla. Crim. App. 2007) (citing Turner v. City of Lawton, 733 P.2d 375, 376–78 (Okla. 1986)) (noting further that "[t]his Court has repeatedly held that in order to preserve a claim that evidence should have been suppressed, the defendant must object to the admission of

As to the other issue preclusion elements, it is undisputed that plaintiff was a party to the prior action.  Further, because of the probable cause standard required in the forfeiture proceeding and the applicability of the exclusionary rule to civil proceedings in Oklahoma, it is clear that the issue of the lawfulness of the search and seizure—and the existence of probable cause for both—was necessary and essential to the outcome.  Finally, it is undisputed that plaintiff had a full and fair opportunity to litigate the lawfulness of the search and seizure at the evidentiary hearing held before the state district court as well as on her direct appeal.[7]  As such, relitigation of the lawfulness of the search and seizure of plaintiff's horses is barred by the doctrine of issue preclusion.

Tenth Circuit authority also suggests that the same disposition would be reached as a matter of claim preclusion.  Claim preclusion "operates to bar the relitigation of issues by the parties or their privies which were or could have been litigated in an action which resulted in a final judgment on the merits."  Carris, 896 P.2d at 527.  As the Tenth Circuit has noted, "res judicata bars not only relitigation of those issues that were or might have been offered to sustain the claim, but also all defenses that were or might have been offered to

---

the evidence at trial"); see also Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc., 497 F.3d 1096, 1106 (10th Cir. 2007) ("An issue decided by a court as a matter of law is also preclusive under Oklahoma law." (citation omitted)).  The state court's decision that there was probable cause for the search and seizure—and the decision's subsequent affirmation by the Oklahoma Court of Civil Appeals—necessarily determined as a matter of law that the evidence was obtained pursuant to a lawful search.

[7]To be sure, there is considerable imprecision in the structure and language of the state court documents, but there is no apparent reason why any issue arising from that imprecision was not within the scope of the state court determination given preclusive effect here.

6

defeat the claim" if the success in federal court of those previously unraised defenses would "undermine a prior state judgment or impair rights established thereby." Copeman v. Ballard, 214 F. App'x 739, 741 (10th Cir. 2007) (unpublished) (citations omitted); *but see* Valley View, 497 F.3d at 1101 n.6 (noting, in dicta, that "the failure to raise a defense does not have the same preclusive effect as a plaintiff's failure to raise all transactionally related claims" (emphasis omitted)).  Allowing plaintiff to proceed with these claims would certainly undermine a prior state court judgment, as the order of forfeiture necessarily rested on the lawfulness of the search and seizure in the first place.

## Conclusion

Plaintiff's § 1983 claims alleging violations of her Fourth Amendment rights are barred by preclusion principles and therefore do not state a plausible claim.  Defendants' motions to dismiss [Doc. Nos. 75, 76] are **GRANTED** and Counts I and Count II of the Amended Complaint are **DISMISSED**.  If plaintiff desires to seek to amend her complaint further, she shall file a motion to that effect within ten days.[8]  Absent such a motion, this dismissal will be deemed to be with prejudice.[9]

---

[8]*It does not appear that amendment can avoid the basis for dismissal relied on here as to Counts I and II as now pled.  However, as there is some ambiguity in the briefs as to exactly what plaintiff views as the basis for a Fourth Amendment violation, the court concludes it would be premature to reach the conclusion now that amendment is futile.*

[9]*The court notes that defendant Blaze's Tribute Equine Rescue, Inc. has not filed an answer or otherwise responded to the Amended Complaint.*

7

**IT IS SO ORDERED**.

Dated this 17th day of January, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE