## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANN ELAINE CAMPBELL, )<br>  )<br>  Plaintiff, )<br>vs. )<br>  )<br>CITY OF SPENCER, ET AL., )<br>  )<br>  Defendants. ) | NO.  CIV-09-0821-HE |

### ORDER

Plaintiff Ann Elaine Campbell brought this action against defendants City of Spencer ("Spencer"), Town of Forest Park ("Forest Park"), and Blaze Tribute Equine Rescue, Inc. ("Blaze") asserting claims under 28 U.S.C. §1983 for violations of her Fourth, Fifth, and Eighth Amendment rights. Blaze was later dismissed by stipulation of the parties [Doc. #44], and the court dismissed the claims against Spencer and Forest Park on the basis of the Rooker-Feldman doctrine. On appeal, the Tenth Circuit Court of Appeals affirmed as to the Fifth and Eighth Amendment claims, but reversed the dismissal of the Fourth Amendment claims, concluding that they were not barred by the Rooker-Feldman doctrine. Campbell v. City of Spencer, 682 F.3d 1278 (10th Cir. 2012).

Following remand, a second action which had been pending in state court between the same original parties was removed to this court and that action was consolidated with this one. Upon the joint motion of the parties, plaintiff was allowed to amend her complaint. Plaintiff then filed an Amended Complaint [Doc. #72] which asserted Fourth Amendment claims against Spencer, Forest Park, and Blaze, as well as carrying forward a state law

1

defamation claim against Blaze. Spencer and Forest Park filed motions to dismiss the Fourth Amendment claims against them on the basis that they were barred by principles of issue or claim preclusion. The court agreed and dismissed the claims against Spencer and Forest Park [Doc. #84]. The only unresolved claims now remaining are the Fourth Amendment and state law defamation claims against Blaze. Blaze has moved for summary judgment on those claims on the basis of preclusion, failure to state a claim for which relief can be granted, and that the defamation claim is barred by a one year statute of limitations. Plaintiff has responded and the motion is at issue.

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court has viewed the evidence and any reasonable inferences that might be drawn from it in the light most favorable to the plaintiff, the nonmoving party. Davidson v. America Online, Inc., 337 F.3d 1179, 1182 (10th Cir. 2003). Having applied the Rule 56 standard to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," Jeffries v. Kansas, 147 F.3d 1220, 1228 (10th Cir.1998) (internal quotation omitted), the court concludes that Blaze's motion should be granted in part and denied in part.

## Background[1]

Plaintiff alleges that her Fourth Amendment rights have been violated because

---

[1] The background facts as to this case are substantially undisputed. They are set out more fully in this court's May 4, 2010, order [Doc. #34] and the Tenth Circuit opinion.

defendant participated, along with law enforcement officers from the respective municipalities, in an illegal search and seizure of her property. On July 31, 2007, Oklahoma County Deputy Sheriff John Cothran submitted an affidavit to the Oklahoma County District Court in support of a search warrant for plaintiff's property. A warrant issued and was executed by Spencer and Forest Park police officers. Forty-four of plaintiff's horses were seized. Defendants petitioned in state court for an order of forfeiture as to the horses.

Under 21 Okla. Stat. § 1680.4, a court may order "immediate forfeiture" of an animal if "probable cause exists that an animal has been abused." A hearing was held on August 10, 2007, in the District Court of Oklahoma County, to determine whether probable cause existed for the seizure of plaintiff's horses. On August 24, 2007, that court issued an order finding that, on the day of the seizure, probable cause existed that plaintiff's horses were "in an abusive and neglected situation," and ordering their forfeiture under § 1680.4. Order of Forfeiture, Case No. MI-2007-170 (Dist. Court of Okla. Cnty. Aug. 24, 2007) [Doc. #75-6]. The court also stated that it found on July 31, 2007, that probable cause existed to issue the search warrant for the seizure of the 44 horses. *Id.* That order was affirmed by the Oklahoma Court of Civil Appeals. Town of Forest Park v. Campbell, Case No. 105,087, slip op. at 12, 14 (Okla. Civ. App. June 12, 2008) [Doc. #75-7]. Thereafter, the Oklahoma Supreme Court denied plaintiff's petition for certiorari. Order, Case No. 105,087 (Okla. Dec. 15, 2008) [Doc. #75-9].

Subsequent to the August 24, 2007, order, the municipalities transferred their interests in the horses to Blaze. From there, Blaze arranged for the transfer of the horses to other

parties.[2]

At some point during this process, Natalee Cross, President of Blaze, sent an email to a third party containing allegedly defamatory statements about plaintiff. The email was then posted by the third party to a forum on the website www.arabianhorses.org under the thread "Campbell filing suit against rescue." Plaintiff contends that she was not aware of the statements until December 2011. Plaintiff's state lawsuit, where the defamation claim originated, was filed on January 18, 2012.

Discussion

Plaintiff's Fourth Amendment claim embraces three issues or theories of recovery. She seeks to impose liability on Blaze for its involvement in the search of her property, in the seizure of the horses, and in what plaintiff asserts is the premature disposal of those horses. As to the first two issues or theories, plaintiff's Fourth Amendment claims against Blaze are the same as those that she brought against Spencer and Forest Park. The third theory, involving disposition of the horses, was not involved in the Spencer and Forest Park claims.

With respect to the search and seizure claims, the court previously dismissed them as to Spencer and Forest Park on the basis that they were precluded by the state court determination that the search and seizure were lawful. Blaze argues that it is entitled to the

---

[2]Blaze refers to the transfer process as "adopting" the horses to others.

same preclusion determination as the municipalities.³ Plaintiff counters that Blaze cannot benefit from preclusion principles because it was not a party in the underlying state court cases.

Federal courts must "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne, 698 F.3d 1295, 1302 (10th Cir. 2012) (quoting Allen v. McCurry, 449 U.S. 90, 96 (1980)); *see also* 28 U.S.C. § 1738. Oklahoma recognizes both claim preclusion and issue preclusion, and the doctrines are often used interchangeably. *See* B. Willis, C.P.A., Inc. v. BNSF Ry. Corp., 531 F.3d 1282, 1300-01 (10th Cir. 2008).

"[I]ssue preclusion applies only to those issues actually adjudicated and necessary or essential to the prior judgment." *Id*. at 528; *see also* Oklahoma Dept. of Pub. Safety v. McCrady, 176 P.3d 1194, 1199 (Okla. 2007) ("An issue is actually litigated and necessarily determined if it is properly raised in the pleadings, or otherwise submitted for determination, and judgment would not have been rendered but for the determination of that issue."). The court must find "1) that the party against whom [issue preclusion] is being asserted was either a party to or a privy of a party to the prior action; 2) that the issue subject to preclusion has actually been adjudicated in the prior case; 3) that the adjudicated issue was necessary and essential to the outcome of that prior case; and 4) the party against whom it is interposed had

---

³*Blaze's brief is extraordinarily spare in its discussion of the legal basis for its argument and in providing a basis for summary judgment generally. In other circumstances, the court might well decline to address issues not more thoroughly raised or argued. Here, however, the issues arise against the backdrop of briefing by other parties on the same or similar issues.*

a full and fair opportunity to litigate the claim or critical issue." Durham v. McDonald's Rests. of Okla., Inc., 256 P.3d 64, 66-67 (Okla. 2011) (emphasis and citations omitted).

Here, the court has already addressed the four preclusion elements and determined they have been established. Order, January 17, 2013 [Doc. #84]. However, Blaze was not a party to the state court proceedings. So the question becomes whether it was in privity with a party to the prior action.[4] While the legal issue is not free from all doubt, the court concludes the undisputed evidence to have established that Blaze was in privity with the state defendants whose conduct was litigated in the state case. The standards for determining privity are not black and white. *See* B. Willis, C.P.A., Inc. v. BNSF Ry. Corp., 531 F.3d 1282, 1302 (10th Cir. 2008) ("There are no hard and fast rules; the existence of privity depends upon the circumstances and requires a person so identified in interest with another that he represents the same legal right." (quoting Wilson v. City of Tulsa, 91 P.3d 673, 677 (Okla. Civ. App. 2004)); *see also* Hildebrand v. Gray, 866 P.2d 447, 451 677 (Okla. Civ. App. 1993) ("[T]he scope of who qualify as 'privies' varies according to the circumstances of the particular case.").

Both parties agree here that Blaze was a "state actor." Indeed, he would not be subject to § 1983 liability otherwise. While "state actor" status for a private party may be determined under any of several tests, all involve a substantial degree of interrelationship

---

[4]*Under Oklahoma law, a party that was a "stranger" to the first action cannot assert collateral estoppel except in narrow circumstances inapplicable here. See* Strong v. Laubach, *153 F. App'x 481, 485-86 (10th Cir. 2005). A "stranger" is defined as "one who is not in privity." Black's Law Dictionary (9th ed. 2009).*

6

with the involved governmental entity or entities. *See* <u>Wittner v. Banner Health</u>, 720 F.3d 770 (10th Cir. 2013)(discussing the nexus, public function, joint action and "symbiotic relationship/entwinement" tests). *See also*, <u>United States v. Benoit</u>, 713 F.3d 1, 9 (10th Cir. 2013).[5] Here, it is undisputed that Blaze was involved in the execution of the search warrant only at the request of the public authorities and to assist them with the mechanics of handling and maintaining the horses being seized.  It had no reason to be there apart from assisting the public authorities.  It acted in concert with and subject to the direction of the public authorities.[6]  Had Blaze's conduct during the search execution been wrongful in some respect, it appears clear that its negligence or other wrongful conduct would have been attributed to the law enforcement personnel involved.  All these factors suggest Blaze should be viewed as being in privity with the state authorities.

Moreover, Oklahoma law appears to apply collateral estoppel in circumstances similar to these.  Oklahoma courts have held that collateral estoppel will apply to bar parties in a civil action from re-litigating issues which are conclusively determined in a criminal action, independent of privity between the defendant in the civil case and police/prosecution in the

---

[5] *"We have delineated a two-step inquiry to determine whether a search by a private individual constitutes state action: 'First, we determine whether the government knew of and acquiesced in the [private person's] intrusive conduct.  Second, we consider whether the party performing the search intended to assist law enforcement efforts or to further his own ends.  Both prongs must be satisfied considering the totality of the circumstances before the seemingly private search may be deemed a government search.'"* <u>Benoit</u>, 713 F.3d, at 9.

[6] *In this context, it appears to make no difference whether Blaze was technically the agent of the "sheriff's department" or of the municipalities.  Personnel from all entities were involved in obtaining and/or executing the warrant.*

criminal action, so long as the arrestee/plaintiff had a full and fair opportunity to litigate the issue. *See, e.g.,* Adamson v. Dayton Hudson Corp., 774 P.2d 478 (Okla. Civ. App. 1989) (holding that collateral estoppel barred plaintiff from re-litigating probable cause in a civil suit against a department store security guard where the issue had already been litigated at a preliminary hearing in a criminal case); *accord* Lee v. Knight, 771 P.2d 1003 (Okla. 1989); *cf.* Bell v. Dillard Dep't Stores Inc., 85 F.3d 1451 (10th Cir. 1996) (discussing the availability of claim preclusion to a department store on the issue of probable cause if arrestee/plaintiff had an opportunity to fully litigate the issue in the underlying criminal case). While the state case determining the existence of probable cause was not, strictly speaking, a criminal action, forfeiture cases are considered quasi-criminal. One 1958 Plymouth Sedan v. Com. of Pa., 380 U.S. 693, 700 (1965) ("[A] forfeiture proceeding is quasi-criminal in character."); Turner v. City of Lawton, 733 P.2d 375, 379 (Okla. 1986) ("[A] forfeiture case [] belongs in the quasi-criminal area.").

Based on these principles, the court concludes that plaintiff's Fourth Amendment claims involving the search and seizure on her property are precluded, and Blaze's motion for summary judgment will be granted as to those issues.

The remaining basis for plaintiff's Fourth Amendment claim involves Blaze's "adopting out" of plaintiff's horses. Plaintiff alleges Blaze transferred the horses before she had a chance to post a security bond. The pertinent Oklahoma statute provides a 72 hour window, after the probable cause hearing, for the owner/defendant to post a security bond for the care of the seized animals. This prevents the seized animals from being sold or

8

otherwise disposed of. 21 Okla. Stat. § 1680.4(C). Plaintiff's contention is that Blaze disposed of the horses prior to expiration of the 72 hour period, and that this amounted to an unreasonable seizure in violation of the Fourth Amendment.

Blaze asserts as a matter of undisputed fact that it did not dispose of any horse prior to the expiration of the 72 hour period. It submits the affidavit of Ms. Cross, the president of Blaze, stating that no horses were transferred by Blaze prior to the transfer to Blaze, by Spencer and Forest Park, of their interest in the horses. It also submitted copies of the agreements with Forest Park and Spencer, dated September 11, 2007, and October 25, 2007, respectively, transferring their interests in the horses to Blaze as of those dates.

Plaintiff's response brief disputes Blaze's claim in this regard, but is unsupported by evidence of any kind. It asserts that an ongoing discovery dispute prevented plaintiff from fully investigating this issue and noted the filing of a motion to compel discovery. [Doc. #134, pg. 10]. However, since that brief was filed, a hearing on plaintiff's motion was set but then stricken, as the parties indicated the discovery issues had been resolved [Doc. Nos. 139 & 141]. Since then, plaintiff has made no attempt to amend her response or otherwise provide evidence to support her claim that the horses were sold or adopted before the close of the security window. Blaze's evidence therefore stands uncontroverted on this point. Blaze is entitled to summary judgment as to the wrongful disposal issue.

In sum, defendant Blaze is entitled to summary judgment as to all plaintiff's Fourth Amendment claims or theories.

What remains for disposition is plaintiff's state law defamation claim. Dr. Campbell

9

argues that statements contained in an email from Ms. Cross to a third party constituted an implication of criminal guilt, which is defamation *per se*.[7] *See* Luper v. Black Dispatch Pub. Co., 675 P.2d 1028, 1031 (Okla. Civ. App. 1983). Blaze seeks summary judgment as to this claim on the basis it is barred by a one year statute of limitations and on the basis that plaintiff did not sufficiently plead the defamation claim.

The pleading argument is easily disposed of. Whatever may have been the sufficiency of plaintiff's amended complaint had it been tested at the outset, it was not so tested. Plaintiff has since come forward with sufficient factual allegations and evidence to support her defamation claim. As to the limitations issue, plaintiff says the one year limitations statute does not bar her claim because she did not learn of the allegedly defamatory statement until December 2011. Oklahoma appears to apply the discovery rule in this context. *See* Digital Design Grp., Inc. v. Info. Builders, Inc., 24 P.3d 834, 838-40 (Okla. 2001). Plaintiff has presented evidence sufficient to create a justiciable question as to when she learned of the allegedly defamatory statement, which precludes summary judgment in defendant Blaze's favor as to this claim.

The question remains as to whether the defamation claim should be resolved here or

---

[7] *The alleged statement is as follows: "Keep in mind that Ann Campbell appealed the forfeiture hearing, 3 times, all the way up to the supreme court and was still found guilty through out all of that and the forfeiture remained in place. So, now that all that has failed, she wants to place blame on all us. Blaze's should not be included in this ridiculous lawsuit, specially (sic) since we were merely the third party that was called in to assist." [Doc. #134-1, pg. 6].*

returned to the state court where it originated.[8]  Where all federal claims over which the court has original jurisdiction have been dismissed or resolved, the court may decline to exercise supplemental jurisdiction over any remaining state law claims.  28 U.S.C. § 1367(c)(3).  In that circumstance, courts ordinarily decline the exercise of jurisdiction by dismissing the case without prejudice.  Brooks v. Gaenzle, 614 F.3d 1213, 1230 (10th Cir. 2010).  Here, however, there are factors that would counsel in favor of retaining jurisdiction.  This dispute has been around for a long time.  Trial is set to occur within the next two months and there would be some delay and inconvenience to the parties in having to reset and pursue this case in state court.  However, it also appears that resolution of the claim may require resolution of open questions of state law, such as whether allegations about matters giving rise to a quasi-criminal proceeding such as forfeiture are of the same effect, for purposes of defamation *per se*, as are assertions of criminal activity.  Further, it appears likely that any case preparation already done as to the defamation claim could be readily used in any further state proceeding.  There may also be some benefit to the parties, or at least the plaintiff, in immediately resolving the federal case at the district court level so that plaintiff may pursue immediately its appeal against Spencer and Forest Park if she elects to do so.[9]  On balance, the court concludes the circumstances do not warrant retaining jurisdiction over the state claim now that the federal claims have been resolved.  As the defamation claim at issue

---

[8]*As noted above, the defamation claim was originally in the companion case filed in state court but which was removed to this court later.*

[9]*Plaintiff previously sought leave to pursue an interlocutory appeal as to Spencer and Forest Park [Doc. #99].  The court denied that request [Doc. #101].*

originated in state court, it will be remanded to that court rather than dismissed. *See* Wittner v. Banner Health, 720 F.3d at 781.

## Conclusion

Defendant Blaze's motion for summary judgment [Doc. #123] is **GRANTED** as to plaintiff's Fourth Amendment claims. The motion is **DENIED** as to plaintiff's state law defamation claim. The defamation claim is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma, for further proceedings. Judgment as to the federal claims will be entered separately.

**IT IS SO ORDERED**.

Dated this 26th day of December, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE